UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRI CURRY,<br>          Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY,<br>          Defendant. | Case No. 12-cv-03940-WHO<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 122 |

On May 13, 2014, defendant Contra Costa County filed a motion for leave to seek reconsideration of the April 30, 2014 Order Granting in Part and Denying in Part the County's Motion for Summary Judgment (the "Order"), claiming that I failed to consider material evidence that it had presented. The County is wrong. As I expressed during oral argument and in the Order, the County has many strong arguments that it did not discriminate or retaliate against Curry. However, on a motion for summary judgment, I am prohibited from determining credibility or weighing the evidence, and must make all justifiable inferences in favor of the non-movant. I have thoroughly considered the County's motion for leave for reconsideration, just as I thoroughly considered its prior motion. I DENY the motion for reconsideration.

The County argues that I erred in considering the evidence on summary judgment in four areas, and I will address each in turn.

First, the County claims I failed to consider material evidence that negated the inference of discrimination as to the May 2011 positions – specifically, that Kunz-Tao hired Ezra for the October 2011 position when Ezra was a contemporary of Curry and that Kunz-Tao (59 years old at time in question) was about the same age as Curry (70). There were only two applicants for that position, Ezra and Curry. At the time Kunz-Tao hired Ezra she knew of Curry's discrimination complaint, which supports Curry's retaliation claim as to that position. Therefore, Kunz-Tao's

decision to hire Ezra in October 2011 does not negate the inference that age discrimination played a role in Kunz-Tao rejecting Curry for the May 2011 positions. Further, evidence that Kunz-Tao was only 11 years younger than Curry (and herself protected by the ADEA) does not significantly negate Curry's evidence that Curry's age (70) was on Kunz-Tao's mind and played a role in her decision not to hire Curry.[1] Finally, contrary to the County's assertion, I explicitly considered the same-actor inference. The only case the County cites in support of application of the same-actor inference to similar facts expressly acknowledged that the same-actor inference "does not apply with equal force" to a case where the alleged discriminator was not "solely" responsible for the complainant's prior promotion. *Ramirez v. Nicholson*, 2007 U.S. Dist. LEXIS 87350, *16 n.3 (S.D. Cal. Nov. 27, 2007). That was the case here.

Second, the County argues that I considered evidence regarding the May 9 interview that did not, in fact, support an inference of age discrimination. The Order included the statement in Curry's declaration, unrebutted in the County's Reply, that when she interviewed with Kunz-Tao on May 9, Kunz-Tao expressed her concern to Curry that she might not be able to fill one of the May 2011 positions. Order at 18. Now the County expands on the Kunz-Tao Declaration to argue that Kunz-Tao could not have made the statement at that time because the "difficult to fill" position had not been "posted" and was not "open for bid," despite the fact Curry and Kunz-Tao could have known about its upcoming listing. However, even if the County's current explication of Kunz-Tao's declaration is correct, the Order noted that the alleged statement was only one piece of evidence among others amounting to substantial and significant evidence that Kunz-Tao was not seriously considering Curry for the May 2011 positions. *Id*. The County also argues that I failed to consider Curry's admission that Kunz-Tao was concerned about "transitions" in the

---

[1] The County impermissibly relies on cases which it could have, but did not, cite in support of its motion. Motion for Leave at 7:5-8. Those cases are inapposite in any event, because they do not address age discrimination, much less the significance of an 11 year difference between the decision-maker and complainant in an age discrimination case. *See Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1099 (9th Cir. 2005) (noting one of many reasons plaintiff failed to overcome same-actor inference was because directive to remove him was from person of same national origin); *Mattsson v. Home Depot, Inc.*, 2012 U.S. Dist. LEXIS 85474, * 12 (S.D. Cal. June 20, 2012) (inference of disability discrimination undermined when decision-maker likewise disabled).

1  department, which according to the County corroborates Kunz-Tao's purpose in raising the topic
2  in the May 9th interview--she wanted to probe Curry's ability to help during the transition.
3  Similarly, the County faults me for failing to consider Kunz-Tao's statement that she had no
4  knowledge of Curry's retirement plans and her belief that Curry would be working well into the
5  future.  Simply because Curry and Kunz-Tao agree on one thing that was discussed in the May 9th
6  interview does not negate that Curry's testimony about what else did or did not happen during that
7  interview.  Instead, there is a "she said vs. she said" situation that must be resolved by the jury.
8  Similarly, Kunz-Tao's statements about her knowledge hinge on her credibility, which must be
9  determined by the jury.

10         Third, the County argues that I failed to consider material evidence on the County's
11  decisions not to hire Curry for the May and October 2011 positions.  The County claims that I
12  failed to consider the different (and allegedly superior) qualifications and experience of the hired
13  candidates.  The Order does discuss this issue.  I concluded that considering the "totality" of each
14  applicant's qualifications (and the subjective nature of the weighing of those qualifications) and
15  given that all candidates met the minimum requirements of the job description, the qualifications
16  and experience of the hired candidates as compared to Curry did not negate the evidence
17  supporting Curry's inference of age discrimination.  The County argues that I failed to consider
18  the comments from Elder (allegedly relied on by Kunz-Tao) that unnamed "others" in the Unit
19  would quit if Curry was hired.  Again, I considered those comments.  I found them to be vague,
20  not documented prior to the lawsuit, and contradicted by others of Curry's co-workers who found
21  her work to be professional.  Finally, the County asserts that I erred in ignoring that Curry had
22  failed to rebut the fact that Kelly had given a recommendation that Kunz-Tao hire Bertram.
23  Construing the evidence in the light most favorable to Curry, however, and considering Curry's
24  evidence that age was on the mind of Kunz-Tao, I found that a material question of fact as to
25  pretext had been raised.

26         Fourth, the County argues I failed to consider evidence that undermined Curry's retaliation
27  claims.  The County's main argument is that I failed to consider Kunz-Tao's statement that she did
28  not know in the time period between June 24th and June 28th (when she went from having

decided to reduce Curry's hours to deciding to stop using Curry for on-call work) that Curry had made an age discrimination claim against her. However, the evidence is that on June 21, 2011, Curry's union faxed a letter to Kunz-Tao noting that Curry was making a "discrimination" claim. That is sufficient to create a material issue of fact as to Kunz-Tao's knowledge for purposes of retaliation. Concerning the October position, the County argues Kunz-Tao should not have been required (as it reads the Order) to explain why she hired Ezra over Curry despite her alleged concerns regarding transition and Ezra's impending retirement. However, my point was to highlight Kunz-Tao's shifting explanations regarding her admitted concerns about transitions in the unit and impending retirements. Finally, with respect to the BHC position, the County complains about the failure to directly address Wilson's testimony that Curry's poor interview was the reason Curry was not hired. However, there is a disputed material fact on the identity of the main decision-maker for the hiring on that position in light of the conflicting evidence as to Kunz-Tao's role. That precluded summary judgment on the BHC position.

The County's motion for leave for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: May 23, 2014



WILLIAM H. ORRICK
United States District Judge