UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRI CURRY,<br><br>       Plaintiff,<br><br>    v.<br><br>CONTRA COSTA COUNTY,<br><br>       Defendant. | Case No.  12-cv-03940-WHO<br><br>**ORDER ON MOTIONS IN LIMINE AND DEPOSITION DESIGNATIONS** |

After argument at the August 22, 2014, pretrial conference, the Court makes the following rulings.

## I.     PLAINTIFF'S MOTIONS IN LIMINE

### 1 & 2.  Grievances and Curry Email.

GRANT.  As a general matter, the outcome of the grievances is not relevant to the jury's determination on ADEA and FEHA claims, and discussion of them would be more prejudicial than probative.  Contrary to the County's argument, the outcome of the grievances is not relevant to Kunz-Tao's alleged motive/intent to retaliate.  However, admissions made in the depositions are admissible, regardless of whether they are made in answer to a question concerning the grievances.  I will give a limiting instruction that the grievances are separate and should not be considered in this case, as suggested by plaintiff, if evidence of grievances comes in, as it might.  At the moment, I will exclude admission of plaintiff's email to herself because, while the County argues that it relates directly to credibility, the relationship is tangential, the explanation for her failure to realize that she did not send the email to Kunz-Tao is plausible, and the risk that this could distract the jury and cause a mini-trial on a time-consuming, unimportant issue is real.  However, I will reconsider this ruling in light of the evidence that is presented at trial, if appropriate.

3.  "Fitness Testimony."

DENIED.  I will allow both sides to present witnesses regarding plaintiff's fitness as long as the witnesses are not cumulative.  The qualifications of the witnesses who were hired instead of plaintiff are also germane.  Given that mitigation is relevant, I will not preclude testimony concerning plaintiff's abilities up to and including the present.

4.  Previous Legal Matters.

GRANTED, unless plaintiff opens the door and the timing (i.e., when Curry received the funds from the lawsuits) is contemporaneous with any testimony of financial distress, which it does not appear that it is or will be.  The personal injury case, divorce, or contested estate cases do not appear to be relevant, and plaintiff has represented that she will not introduce evidence of financial distress other than the economic loss suffered as a result of adverse employment decisions.

## II.      DEFENDANT'S MOTIONS IN LIMINE

1.  Mills' Testimony  of Economic Loss re the June 2011 (on-call shifts), October 2011 (Ezra Hiring) and May 2012 (Behavioral Health Ctr) Positions.

GRANTED.  Mills's report focuses exclusively on the economic damages from the failure to hire Curry for one of the May 2011 positions.  Mills did not (and according to his deposition testimony, was not asked to) separately calculate damages for any adverse actions other than the two May 2011 positions.  As such, Mills' report does not disclose separate opinions on Curry's economic damages from the failure to assign on-call shifts or the failure to hire Curry for the October 2011 and May 2012 positions.  In response, the County did not have its rebuttal expert (Jerry Udinsky) address the other positions, but similarly limited his report to the May 2011 positions.

Because Mills failed to provide notice of any opinion as to damages other than from the May 2011 positions, under Rule 37(c)(1), Mills will not be able to testify as to Curry's economic damages other than for those two positions.  *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 11011106-07 (9th Cir. 2001).  Curry's failure to disclose Mills intent to opine and his opinion on the economic damages stemming from decisions after May 2011 is neither

United States District Court
Northern District of California

1   substantially justified nor harmless.  Curry did not seek leave to amend her expert report, even

2   after its limitations were explored in Mr. Mills' deposition following this Court's order on the

3   summary judgment motion. Moreover, as noted above, the County has limited its rebuttal expert

4   disclosure to the economic impact from the May 2011 positions.

5         During the pretrial conference, Curry's counsel argued that Mills' testimony as to the May

6   2011 positions could be used to support the other positions, with simple adjustments based on the

7   dates when those other positions were denied.  However, Mills' analysis as to the May 2011

8   positions cannot simply be extended (with subtractions) to the other positions because the October

9   2011 and May 2012 positions were not entitled to shift differential pay.  That fact impacts all of

10  Mills' calculations of expected income, fringe benefits, and pension benefits for the October 2011

11  and May 2012 positions.

12        2. *Daubert* on Mills Testimony in General

13        DENIED, as to the May 2011 positions.  Mills has the education and experience to testify

14  as an expert. The County argues that his report on the May 2011 positions is not based on

15  sufficient facts and is not the product of reliable principles and methods.  It is true that the report

16  does not explicitly  recite the assumptions he made.  It is also potentially speculative to include

17  on-call shifts based on an abandoned schedule (if trial testimony demonstrates, as it appears it will,

18  a change in the way shifts were filled).

19        However, I will allow Mills to testify regarding May 2011 positions and will allow

20  vigorous cross.  He may not testify on the other adverse actions.   I will let Mills testify why it is

21  proper to include Social Security and Medicare in the determination of fringe benefits and

22  consider any evidence from defendant before deciding whether it is appropriate to allow the jury

23  to consider it.

24        3.  Co-worker Evidence.

25        DENIED.  Fitness witnesses are acceptable – work performance and temperament are

26  relevant.  Witnesses cannot testify to what the County intended (e.g., desperately trying to fill the

27  BHC position) and written statements in support are inadmissible unless the author is on the stand

28  (or a hearsay exception is established, e.g., the recipient was making a decision about Dr. Curry).

3

1    4.  Bertram's Performance after May 2011.

2    GRANTED.  This issue is not relevant.

3    5 and 10. Prentice Letter to County Counsel.

4    DENIED, provisionally.  The issue is whether Kunz-Tao saw or knew about the letter prior

5  to her decisions.  If the letter is used, it would not be for the truth of matters in the letter, just

6  notice of the claims.  Assuming Kunz-Tao will deny that she saw or knew about the letter prior to

7  making her decision in May 2011, it is unclear how plaintiff will establish otherwise, and it is

8  impermissible to suggest without any basis in evidence that she must have known about it.  But

9  since Kunz-Tao's knowledge (or lack thereof) of the letter is material to plaintiff's case, I will not

10  preclude plaintiff from attempting to use it at this time.  Hearsay of what Mr. Prentice told plaintiff

11  about what the County Counsel said is inadmissible.  Mr. Prentice will not be called as a witness

12  absent a development at trial that makes his testimony necessary.

13    6.  Liquidated Damages under ADEA.

14    GRANTED.  Plaintiff conceded that liquidated damages under the ADEA was not pleaded

15  nor even mentioned in response to interrogatories.

16    7. Unrelated Bad Acts.

17    GRANTED.  As plaintiff concedes, there is no relevance.

18    8. Curry's Financial Condition.

19    GRANTED.  Plaintiff has represented that she will not introduce evidence of financial

20  distress other than the economic loss suffered as a result of adverse employment decisions.

21  Accordingly, this motion is GRANTED with respect to any other testimony of financial distress.

22    9.  IME.

23    GRANTED, as plaintiff conceded at the conference.  Plaintiff had plenty of time after

24  receipt of the report in November 2013 to amend her expert designation to designate Dr. Perl.

25    11.  Treble Damages under FEHA.

26    GRANTED, as agreed by the parties.

27    12 and 13.  Job Exchange with Barbara Schaefer and Spanish Speaking Positions.

28    DENIED.  Since the defendant will argue that plaintiff failed to mitigate damages, plaintiff

may introduce evidence about her efforts to secure these jobs.  If she does, of course, defendant

may cross-examine concerning the merits of those mitigation examples in light of the rulings on

summary judgment.

       14. Settlement discussions.

       GRANTED, as agreed by parties.

## III.     DEPOSITION DESIGNATIONS

       Plaintiff's Designations:   Plaintiff may use Kelley's excerpts but not Allen's, who was

retired from the County as the time of his deposition.  I will rule on the use of Kunz-Tao's when

and if it plaintiff wants to make use of them.

       Defendant's Designations:  I assume that my rulings on the motions in limine eliminate the

parts of Curry's deposition and Schlant's deposition to which plaintiff objects, but if not, I will

rule on the Curry excerpts when they are used.  I do not see a reason to allow Schlant's excerpts to

be read unless his unavailability is established.

       **IT IS SO ORDERED.**

Dated: August 29, 2014



WILLIAM H. ORRICK
United States District Judge